# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY BACQUET, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-1332-R |
| ) | |
| J. WEIR, Sheriff; ) | |
| U.S. MARSHALL, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary conviction that resulted in the loss of good time credits. Doc. 1. United States District Court Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents seek dismissal, arguing that Petitioner's subsequent release from confinement has rendered the petition moot. Doc. 19. Petitioner did not respond.[1] The undersigned agrees with Respondents and recommends that the court dismiss Petitioner's habeas petition.

---

[1] Petitioner has not notified the court regarding his current address. Admirably, in an attempt to provide Petitioner with a copy of their motion to dismiss, Respondents mailed the motion to three different locations. Doc. 19, at 5.

## I. Analysis.

Federal courts "may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citation omitted). So, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever to a prevailing party,'" the case becomes moot. *Id.* at 1212-13 (citation and internal quotations omitted).

Petitioner challenges a prison disciplinary conviction that resulted in the loss of good time credits; however, he has now completed his sentence and has been released from confinement. Doc. 16, Ex. 1. So, even if this Court were to find that prison officials violated Petitioner's due process rights, a ruling in Petitioner's favor could not shorten his term of imprisonment. *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) ("Rhodes has completed his prison sentence. To the extent that he seeks a shorter term of imprisonment, it is obviously no longer possible to provide such relief."); *Scott v. Warden of Buena Vista Corr. Facility*, 457 F. App'x 712, 713 (10th Cir. 2011) (affirming the district court's holding that petitioner's § 2241 petition challenging a prison disciplinary conviction "is moot because Scott is no longer in custody as a result of that disciplinary conviction"). So, to survive dismissal, Petitioner must show that "serious collateral consequences" still

exist, i.e., that he has "'some concrete and continuing injury.'" *Holley v. Andraschko*, 80 F. App'x 614, 615 (10th Cir. 2003) (citation omitted).

Petitioner did not respond with any such argument, and the undersigned finds that "'there is nothing for [the court] to remedy.'" *Id.* Accordingly, undersigned finds that Petitioner's habeas petition is moot. *See id.* (affirming the district court's holding that petitioner's § 2241 petition challenging the execution of his sentence became moot upon his "release from custody").

## II.  Recommendation and notice of right to object.

The undersigned finds that Petitioner's habeas petition is moot and recommends that the court grant Respondents' motion to dismiss it on that ground. Doc. 19. The court's adoption of this recommendation will in turn moot Respondents' pending motion for summary judgment. Doc. 14.[2]

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by May 31, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both

---

[2] Respondents filed a motion for summary judgment addressing the petition's merits. Doc. 14. Upon learning of Petitioner's release, filed the motion to dismiss the petition as moot. Doc. 19.

3

factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned instructs the Clerk of the Court to mail this order to the address Respondents provided for Petitioner: 2623 West 38th, Tulsa, OK 74107. Doc. 18.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 11th day of May, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE